SCHOOL DISTRICT OF ROYAL OAK v. CENTRAL WEST
CASUALTY CO.

Principal and Surety—Depository Bond—Notice of Termination of Liability—Suspension of Payment.

> Although surety on bank's depository bond gave obligee five days' notice of termination of its liability, as provided for therein, bond remained in effect, where, prior to expiration of said five-day period, bank suspended payment by requiring 60 days' notice by depositors before paying, and again refused payment on expiration of 60-day period.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted June 10, 1932. (Docket No. 87, Calendar No. 36,553.) Decided September 16, 1932.

Assumpsit by School District of the City of Royal Oak, a municipal corporation, against Central West Casualty Company, a Michigan corporation, on a depository bond. Judgment for plaintiff. Defendant appeals. Affirmed.

*Arthur E. Moore,* for plaintiff.

*Beaumont, Smith & Harris,* for defendant.

North, J. The First National Bank of Royal Oak closed June 26, 1931. At that time plaintiff school district had on deposit in the savings department $54,751.15; and it also held four certificates of deposit totaling $26,290.88. The savings certificates were "payable under the rules of the savings department." Incident to its account the district had demanded a depository bond which was executed by the bank as principal and by the defendant as surety. We quote it in part only:

"Now, therefore, the condition of the above obligation is such, that if the said principal shall well, faithfully and honestly keep and account for all said moneys which are on deposit or may hereafter be deposited with it by or on behalf of the obligee, and shall, without delay, pay over, deliver and account for the same and any and every part thereof, from time to time and at any and all times, upon legal demand, and also all interest which shall accrue or be payable thereon, then this obligation to be void, otherwise to be in full force and effect.

"Provided, however, and upon the following further express conditions:

"2. This obligation shall be absolutely void provided the principal has not suspended payment prior to the time of expiration of the term of this bond.

"10. The surety shall have the right to terminate its suretyship under this obligation by serving notice of its election so to do, upon said obligee,  *  *  * and thereupon the said surety shall be discharged from any and all liability hereunder for any default of the principal occurring after the expiration of five days after the service of such notice."

On March 21, 1931, defendant served plaintiff with a notice dated March 19th, that it elected to terminate its liability on the bond "after the expiration of five days from the receipt of this notice by you." On the date plaintiff received defendant's notice the bank directors suspended payments on savings accounts except upon and after 60 days' notice by the depositor. Upon receipt of defendant's notice plaintiff demanded payment of its deposit by the bank. Payment was refused. Demand for payment was renewed upon expiration of the 60-day period, and again refused. With the exception of $7,900, plaintiff was not permitted to withdraw its funds before the bank closed. Following the closing of the bank, and on August 7, 1931, plaintiff brought suit upon the bond. From a judgment in the circuit court for plaintiff, defendant has appealed.

The defense primarily urged is that defendant exercised its right to terminate its liability as a surety in strict accordance with the terms of the bond by giving the five-day notice and was thereby released. We think the bond cannot be so construed. It is conditioned that the bank "without delay will pay over, deliver, and account for" all moneys deposited with it by plaintiff upon legal demand being made therefor; and the bond provides that it "shall be absolutely void providing the principal has not suspended payment prior to the time of expiration of the term of this bond." The converse of this last provision must be true, namely, that the bond would remain in full force and effect providing the bank suspended payment during the life of the bond. Before the five-day period for notice of cancellation had expired, the bank, by putting in force the restriction that savings depositors could not withdraw money from their accounts except upon 60 days' written

notice, "suspended payment" as to plaintiff within the meaning of the quoted provision of the bond. It goes without saying that the surety could not revoke its liability on the bond after the condition thereof had been breached.

Other interesting questions are presented by the record, but in view of the conclusion above indicated, their consideration would not aid appellant. The judgment entered in the circuit court is affirmed, with costs to appellee.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.